UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FOX KUHLKEN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO SHERIFFS DEPUTY D. SMITH (Id # 1024) and DOES 1-5,<br><br>Defendants. | Case No.: 3:16-CV-2504-CAB-DHB<br><br>**ORDER ON PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>[Doc. No. 45] |

On January 16, 2018, the Court granted Defendants' motion for summary judgment [Doc. No. 32], and the Clerk of Court entered judgment in favor of Defendants [Doc. No. 33]. On January 30, 3018, Defendants filed a Bill of Costs totaling $5,147.90 [Doc. No. 34], and a hearing was set for February 16, 2018 [Doc. No. 35]. On February 5, 2018, Plaintiff filed a notice of appeal to the Ninth Circuit [Doc. No. 36], but at no point did she file a response or opposition to the Bill of Costs. As a result of the lack of opposition from Plaintiff, the hearing was vacated, and on February 16, 2018, the Clerk of Court entered an order taxing costs of $5,122.90. [Doc. No. 41.] The Clerk's order called attention to "Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), FRCivP and Local Rule 7.1, shall be served and filed within seven (7) days

after receipt of the Order Taxing Costs, or unless within the seven (7) day period the court permits the motion to be made orally." [*Id.* at 2-3.]

The Ninth Circuit affirmed the Court's grant of summary judgment and the mandate was entered on April 12, 2019. [Doc. No. 42.] Now, two years after the order taxing costs was entered, and nine months after Plaintiff lost her appeal, Plaintiff has filed a motion to re-tax costs, on the grounds of financial hardship and because Plaintiff believes her case involved issues of substantial public importance. The Court need not address the merits of Plaintiff's motion because, by failing to file her motion within seven days, Plaintiff waived her right to challenge the cost award. *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) ("[W]e hold that a party may demand judicial review of a cost award only if such party has filed a proper motion within the five-day[1] period specified in Rule 54(d)(1)."). Accordingly, Plaintiff's motion to re-tax costs is **DENIED**.

It is **SO ORDERED**.

Dated: March 19, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The period has since changed to seven days. *See* Fed. R. Civ. P. 54(d)(1).